UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| In Re: | § | |
|---|---|---|
| | § | |
| JOEL RODRIGUEZ | § | Case No. 2:16-bk-09615-PS |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 08/19/2016. The undersigned trustee was appointed on 08/19/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of  $ 1,469.00

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 539.30 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]  $ | 929.70 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 07/17/2017 and the deadline for filing governmental claims was 07/17/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 232.43 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 232.43 , for a total compensation of $ 232.43 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 91.06 , for total expenses of $ 91.06 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 07/28/2018                By: /s/DAVID A. BIRDSELL, TRUSTEE
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Exhibit A

| Case No: | 16-09615 | PS | Judge: | Paul Sala | Trustee Name: | DAVID A. BIRDSELL, TRUSTEE |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | JOEL RODRIGUEZ | | | | Date Filed (f) or Converted (c): | 08/19/2016 (f) |
| | | | | | 341(a) Meeting Date: | 09/26/2016 |
| For Period Ending: | 07/27/2018 | | | | Claims Bar Date: | 07/17/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 2004 FORD | 3,000.00 | 0.00 | | 0.00 | FA |
| 2. 2010 NISSAN | 7,000.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS & APPLIANCES | 725.00 | 0.00 | | 0.00 | FA |
| 4. APPAREL | 500.00 | 0.00 | | 0.00 | FA |
| 5. RING | 50.00 | 0.00 | | 0.00 | FA |
| 6. CASH IN BANK | 300.00 | 0.00 | | 0.00 | FA |
| 7. 2016 TAX REFUNDS (u) | 0.00 | 1,469.00 | | 1,469.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $11,575.00    $1,469.00    $1,469.00    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

TRUSTEE IS WORKING CLAIMS AND ON HIS FINAL REPORT

Initial Projected Date of Final Report (TFR): 12/31/2017     Current Projected Date of Final Report (TFR): 12/31/2018

FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 16-09615  
Case Name: JOEL RODRIGUEZ  
Taxpayer ID No: XX-XXX1937  
For Period Ending: 07/27/2018

Trustee Name: DAVID A. BIRDSELL, TRUSTEE  
Bank Name: BOK Financial  
Account Number/CD#: XXXXXX5167  
Checking  
Blanket Bond (per case limit): $27,456,481.00  
Separate Bond (if applicable):

| 1 Transaction Date | 2 Check or Reference | 3 Paid To / Received From | 4 Description of Transaction | Uniform Tran. Code | 5 Deposits ($) | 6 Disbursements ($) | 7 Account/CD Balance ($) |
|---|---|---|---|---|---|---|---|
| 04/13/17 | 7 | US TREASURY | 2016 FEDERAL TAX REFUND | 1224-000 | $1,469.00 | | $1,469.00 |
| 04/28/17 | 101 | JOEL RODRIGUEZ<br>1970 N HARTFORD STREET #102<br>CHANDLER, AZ  85225 | 2016 TAX REFUNDS - EXEMPT PORTION TO DEBTOR | 8500-002 | | $539.30 | $929.70 |

| | | |
|---|---|---|
| COLUMN TOTALS | $1,469.00 | $539.30 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $1,469.00 | $539.30 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $1,469.00 | $539.30 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5167 - Checking | $1,469.00 | $539.30 | $929.70 |
|  | $1,469.00 | $539.30 | $929.70 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---|
| Total Net Deposits: | $1,469.00 |
| Total Gross Receipts: | $1,469.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 2:16-bk-09615-PS  
Debtor Name: JOEL RODRIGUEZ  
Claims Bar Date: 7/17/2017  

Date: July 28, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 99 2100 | DAVID A. BIRDSELL<br>216 N. CENTER<br>MESA, AZ. 85201 | Administrative | | $0.00 | $232.43 | $232.43 |
| 99 2200 | DAVID A. BIRDSELL<br>216 N. CENTER<br>MESA, AZ. 85201 | Administrative | | $0.00 | $91.06 | $91.06 |
| 1 300 7100 | AZ Dept Of Economic Security<br>Office Of Accts Receivable & Collections<br>P.O.Box 60<br>Phoenix, Az 85001-0060 | Unsecured | | $0.00 | $2,640.00 | $2,640.00 |
| 2 300 7100 | AUTO NOW FINANCIAL SERVICES<br>4240 W GLENDALE AVE<br>PHX AZ 85051 | Unsecured | | $0.00 | $697.30 | $697.30 |
| 3 300 7100 | HLS OF NEVADA, LLC<br>PO BOX 94703<br>LAS VEGAS NV 89193 | Unsecured | | $0.00 | $7,158.33 | $7,158.33 |
| | Case Totals | | | $0.00 | $10,819.12 | $10,819.12 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1                                   Printed: July 28, 2018

UST Form 101-7-TFR (5/1/2011) (Page: 6)
Case 2:16-bk-09615-PS    Doc 33    Filed 08/17/18    Entered 08/17/18 09:42:49    Desc
Page 6 of 9

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 2:16-bk-09615-PS
Case Name: JOEL RODRIGUEZ
Trustee Name: DAVID A. BIRDSELL, TRUSTEE

Balance on hand $ 929.70

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID A. BIRDSELL | $ 232.43 | $ 0.00 | $ 232.43 |
| Trustee Expenses: DAVID A. BIRDSELL | $ 91.06 | $ 0.00 | $ 91.06 |

Total to be paid for chapter 7 administrative expenses $ 323.49
Remaining Balance $ 606.21

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 10,495.63 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 5.8 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | AZ Dept Of Economic Security | $ 2,640.00 | $ 0.00 | $ 152.48 |
| 2 | AUTO NOW FINANCIAL SERVICES | $ 697.30 | $ 0.00 | $ 40.27 |
| 3 | HLS OF NEVADA, LLC | $ 7,158.33 | $ 0.00 | $ 413.46 |
| | Total to be paid to timely general unsecured creditors | | | $ 606.21 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE